IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SAMMIE LEE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:15-CV-02050-STA-dkv |
| | ) | |
| JAMES COLEMAN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER DISMISSING § 2254 PETITION,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 20, 2015, Petitioner, Sammie Lee Jones, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254.[1] (Pet., ECF No. 1.) At the time Jones filed his petition he was incarcerated at the Shelby County Correctional Center in Memphis, Tennessee. (*See id.*) For the reasons stated below, the petition is **DISMISSED** as moot.

Article III of the Constitution limits "'federal-court jurisdiction to actual cases or controversies.'" *Hein v. Freedom from Religion Fund*, 551 U.S. 587, 597 (2007) (quoting *Raines v. Byrd,* 521 U.S. 811, 818 (1997) (internal quotation marks omitted)). The case or controversy requirement, which must be met through every stage of the litigation, demands that the plaintiff "have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). A case is no longer "live," and is thus moot, where "events occur during the

---

[1] Petitioner's Tennessee Department of Correction ("TDOC") prisoner number is 119817. On February 24, 2015, the Court granted Petitioner's motion for leave to proceed *in forma pauperis*. (Order, ECF No. 5.)

pendency of a litigation which render the court unable to grant the requested relief." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009).

When a habeas corpus petitioner challenges the validity of a sentence that expires during the course of the litigation, the court will not presume that the petitioner continues to suffer a concrete injury redressable by the habeas court. *Spencer v. Kemna*, 523 U.S. 1, 14 (1998); *Demis*, 58 F.3d at 512. Absent an affirmative showing that the petitioner is suffering concrete "collateral consequences" as a result of his completed sentence, his claim is properly dismissed as moot. *Spencer*, 523 U.S. at 14; *Demis*, 558 F.3d at 512-13.

The petition here alleges that the State miscalculated the expiration date of Jones' sentence and it seeks an order directing the State to recalculate the sentence. (*See* Pet., ECF No. 1 at 13.) The petition does not challenge Jones' conviction nor does it allege any collateral effects of the sentence itself. (*See id.*) According to the TDOC Felony Offender Information website, Jones is no longer in state custody, having been released at the expiration of his sentence on November 4, 2015. (*See* https://apps.tn.gov/foil-app/search.jsp.) Jones' release appears to be unconditional as his "Supervision Status" is recorded as "Inactive." (*See id.*) Jones' petition is therefore **DENIED** as moot.

Judgment shall be entered for Respondent.[2]

---

[2] Jones has not provided the Clerk with a forwarding address. It therefore appears that he has abandoned this action. The most basic responsibility of a litigant is to keep the Clerk informed of his whereabouts. *Cf. Williams v. Blanchard*, No. CIV. 3:12-0932, 2014 WL 3672105, at *1-2 (M.D. Tenn. July 23, 2014) (dismissing case where the plaintiff's location was unknown and the plaintiff had failed to pursue his claims after being released from incarceration).

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253(c)(1)); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005) (same); *see also* Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2) & (3). To make such a showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336; *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Although a COA does not require a showing that the appeal will succeed, *Cockrell*, 537 U.S. at 337, a court should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there is no question that the § 2254 petition should be dismissed for the reasons previously stated. Because any appeal by Jones does not deserve attention, the Court **DENIES** a certificate of appealability.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5). In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is

therefore certified, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**.[3]

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 7, 2016

---

[3] If Jones files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).